IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ESTATE OF CLARENCE SIMS                                                        PLAINTIFF

V.                                                         CIVIL ACTION NO.: 1:09CV32-A-D

THE CITY OF ABERDEEN, MS,
THE ABERDEEN HOUSING AUTHORITY, et al.                        DEFENDANTS

MEMORANDUM OPINION

After reviewing the motions, responses, rules and authorities, the Court finds as follows:

*Factual and Procedural Background*

Clarence Sims was a resident of 173 Project Street, a residential unit governed by The Aberdeen Housing Authority. Although not requested by Sims, Unit 173 had handrails around the bath tub. Due to major renovations necessary to his unit, Sims was transferred to Unit 248 in the same housing complex. The Housing Authority installed grab bars in the bathroom of Unit 248 because Sims had similar handrails in his prior apartment.

On October 3, 2007, Clarence Sims fell outside Unit 248 resulting in major head trauma. Plaintiff contends Sims fell off the five to six inch step from the porch to the sidewalk. Plaintiff asserts that The Housing Authority violated the Americans with Disabilities Act by not installing hand rails or ramps for Sims, and that Defendants were negligent in not installing such safety measures.

Defendants filed a Motion for Summary Judgment [85] seeking dismissal as a matter of law as to all of Plaintiff's claims. Plaintiff has filed a Motion for Partial Summary Judgment [82] on the issue of liability on the negligence claim.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) when the evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." Id.

*Discussion and Analysis*

*I. ADA Violations*

Plaintiff contends that Defendants discriminated against Plaintiff as an individual with a disability in public services. See 42 U.S.C. § 12132. Moreover, Plaintiff asserts Defendants violated the ADA by discriminating against Plaintiff "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place

2

of public accommodation by any person who owns, leases . . . , or operates a place of public accommodation." See 42 U.S.C. § 12182(a).

The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." Id. § 12102(2)(A). The EEOC regulations provide that an individual is substantially limited in a major life activity if he is "unable to perform a major life activity that the average person in the general population can perform" or is "significantly restricted as to the condition, manner or duration under which [he] can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j). In relevant part, the regulations suggest considering "the nature and severity of the impairment." 29 C.F.R. § 1630.2(j)(2)(I). Whether a major life activity is substantially limited is an individualized and fact-specific inquiry. See Colwell v. Suffolk County Police Dep't, 158 F.3d 635, 643 (2d Cir. 1998).

Plaintiff asserts Clarence Sims had a physical impairment that substantially limited the major life activity of walking. In support of this, Plaintiff claims Sims' 1984 and 2007 strokes affected his ability to walk. In particular, Plaintiff asserts that Sims used a four-pronged cane and was issued a handicap parking pass by the State of Mississippi. Thus, according to Plaintiff, he was substantially limited in the major life activity of walking.

The Court finds that Plaintiff has not met the requisite threshold to bring a cause of action

3

under the Americans with Disabilities Act. Plaintiff has not presented sufficient evidence that Clarence Sims' major life activity of walking was "substantially limited" to the extent required by the statute. Kelly v. Drexel Univ., 94 F.3d 102, 106 (3d Cir. 1996) (plaintiff's failure to present evidence that he **required** special devices like a cane or crutches to aid him in walking deemed not sufficient to meet threshold ADA requirement) (emphasis added). No specific evidence was presented regarding Sims ability to walk, or the condition, manner, or duration under which he could walk. See 29 C.F.R. § 1630.2(j)(2)(i-iii) (outlining factors to consider to determine whether an individual is substantially limited in a major life activity). The Court, therefore, has no evidence before it that Plaintiff was significantly restricted in the performance of walking as compared to an average person in the general population. See 29 C.F.R. § 1630.2(j)(1).

Moreover, Sims' discharge summary notes by his doctor after his July 2007 stroke noted that he had the ability to walk without any assistance for some distance. His daughter further testified that since that stroke in July, Clarence Sims had no change in his abilities. Thus, the medical evidence in front of the Court shows that Sims was not substantially limited in a major life activity of walking. See Rogers v. Int'l Marine Terminals, 87 F.3d 755, 758 (5th Cir. 1996) (court found no evidence that plaintiff's impairment substantially limited his ability to stand and walk where occupational therapist noted a "tolerance for standing and sitting" and "good body mechanics").

The ADA protects against discrimination only those individuals who can show that they are "disabled," as that term is defined in the ADA. See Kemp v. Holder, 610 F.3d 231, 235 n. 1 (5th Cir. 2010). Where Plaintiff has not met this "threshold requirement," the ADA provides no basis for liability. See Rogers, 87 F.3d at 758 (noting that the establishment of a disability is a prerequisite for relief under the ADA). Accordingly, Plaintiff's claims under the ADA are dismissed.

4

*II. Negligence and Gross Negligence*

Plaintiff contends Defendants were obligated to install appropriate railings or a ramp to allow Plaintiff's reasonable and safe ingress and egress from the leased apartment.[1]  Mississippi law provides that in the absence of an express agreement between the landlord and tenant to make repairs, there is no obligation or duty upon the landlord to do so, and only where there is an agreement for specific repairs will a breach of that agreement impose liability for personal injury. Loflin v. Thornton, 394 So. 2d 905, 907 (Miss. 1981); Floyd v. Lusk, 190 So. 2d 451 (Miss. 1966); Weldon v. Lehmann, 84 So. 2d 796 (1956).

Plaintiff's lease provides as follows:

> A.  For all respects of this Lease and Grievance Procedure, a handicapped person shall be provided reasonable accommodation to the extent necessary to provide the handicapped person with an opportunity to use and occupy the dwelling unit equal to a non-handicapped person.
>
> B.  Management hereby provides notice to Resident, that Resident may at any time during the term of this lease request reasonable accommodation for a handicap of a household member, including reasonable accommodation so that the Resident can meet lease requirements or other requirements of tenancy.

As such, there was an express agreement between Defendants and Plaintiff to modify the dwelling unit upon request of the Resident.  Thus, whether Defendants owed a duty to make repairs in line with this Lease provision depends on whether Plaintiff made such request.

Defendants aver that Clarence Sims' residency file contains no such request for rails or ramps outside his apartment building.  However, Sims' daughter testified that prior to his move to Unit 248, she asked a maintenance man, Barry Hubbard, for "some type of device to help [Sims], . . . to get

---

[1] As Plaintiff has failed to meet the threshold requirement to establish a claim under the ADA, Plaintiff's negligence claims related to that statute are dismissed.

5

in and off the porch better." Thus, Plaintiff has presented a genuine dispute of material fact as to whether or not Plaintiff gave notice to Defendants such that Defendants had a duty to make some repair to Clarence Sims' porch.

Plaintiff has also presented a genuine dispute of material fact as to the cause of Clarence Sims' fall. Jimmie Ann Langston, a neighbor of Sims, declared that she witnessed Sims fall forward as he was stepping off his elevated concrete porch. Defendants contend that Sims was taking a series of medications that caused dizziness and light-headedness which resulted in his falling. If the jury determines the Plaintiff did notice Defendants of Sims' need for a hand rail or ramp outside his residence, and Defendants breached the duty to make those alterations, the jury will have to determine what caused Clarence Sims to fall and what damages, if any, he sustained. Plaintiff's Motion for Partial Summary Judgment [82] on the basis of liability on the negligence claim is denied.

Defendants assert they are entitled to governmental immunity under the Mississippi Tort Claims Act. The statute they cite provides:

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [a]rising out of the exercise of discretion in determining whether or not to seek or provide the resources necessary for the purchase of equipment, the construction or maintenance of facilities, the hiring of personnel and, in general, the provision of adequate governmental services.

MISS. CODE ANN. § 11-46-9(1)(g).

As noted in the Lease Agreement cited above, once a resident provides notice that a reasonable accommodation is needed, that person "shall be provided reasonable accommodation . . . ." Thus, to the extent the jury finds the Housing Authority had notice, there is no discretion to act,

6

and the immunity of the Mississippi Tort Claims Act does not apply. However, if the jury finds the Housing Authority was not on notice, immunity may be available to that entity.

As to the gross negligence claim, Plaintiff has failed to adduce evidence that Defendants took actions that knowingly exposed Sims to injury. See Lascola v. Barden Miss. Gaming LLC, 349 F. App'x 878, 885 n.11 (5th Cir. 2009). Indeed, to even state such a claim Plaintiff would have to put forth facts that "smack of intentional wrongdoing." Apache Bohai Corp. LDC v. Texaco China BV, 480 F.3d 397, 408 (5th Cir. 2007). Plaintiff has not met this burden. Plaintiff's gross negligence claim is dismissed, and Plaintiff's request for punitive damages is denied.

### *III. Expert Testimony*

Plaintiff filed a Motion to Exclude the Expert Testimony of Don O'Rourke, Sr. Defendant designated O'Rourke as an expert in the area of Americans with Disabilities Act requirements and regulations. To the extent that those claims under the ADA have been dismissed by the Court, that expert testimony is no longer relevant. Plaintiff's Motion to Exclude the Expert Testimony of Don O'Rourke, Sr., [69] is granted.

Defendants also filed a Motion to Exclude the Expert Testimony of K.W. Mitchell and Dr. Louis Rosa [80]. As with O'Rourke, Mitchell was designated by the Plaintiff as an expert in the requirements of the ADA. Mitchell's testimony will be excluded and that portion of Defendants' motion is granted.

Defendants seek to exclude Dr. Rosa, Clarence Sims' treating physician, from testifying as an expert and specifically some portions of his proposed testimony. Plaintiff failed to designate Dr. Rosa as an expert or provide a summary of his expected testimony.

The old Uniform Local Rule 26.1(A)(2)(d) provided that, "A party shall designate treating physicians as experts pursuant to this rule, but is only required to provide the facts known and opinions held by the treating physician(s) and a summary of the grounds therefor." Under this version of the rule, "treating physicians [had to] be designated as expert witnesses and they [had to] be so designated in a timely manner." Robbins v. Ryan's Family Steak House East, Inc., 223 F.R.D. 448, 453 (S.D. Miss. 2004). However, the new Local Rule provides,

> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony *but are expected to be called to offer expert opinions* at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under FED. R. EVID. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

LOC. CIV. R. 26(a)(2)(D) (emphasis added). The new rule no longer contains language requiring that *all* treating physicians be designated as experts. Instead, the current rule states that physicians must be designated when they are "expected to be called to offer expert opinions."

Here, Dr. Louis Rosa may testify as to the facts and opinions related to his treatment of Clarence Sims. Judge Barbour's often-cited opinion regarding the previous version of Local Rule 26(a)(2)(D) noted that

> In rare instances a treating physician may be called to testify as to basic facts known to him as the treating physician without expressing any opinion at all. It can be argued that such a witness is simply a fact witness who happens to be a physician and that the calling party should not be required to comply with the rules regarding expert witness disclosures. This situation is one that is a departure from the ordinary situation contemplated by the rules and is left to the discretion of the trial judge.

Robbins, 223 F.R.D. at 453.

Based on the fact that Plaintiff has not previously designated Dr. Louis Rosa as an expert, but as a fact witness, and under the wording of revised Local Rule 26(a)(2)(D), the Court finds that Defendant's Motion to Exclude Dr. Rosa's testimony as an expert is granted. Dr. Louis Rosa will be prohibited from offering expert testimony; however, he may testify as a fact witness.

If Plaintiff intends on offering Dr. Rosa's deposition testimony at trial, Defendants may seek a ruling on specific portions of Dr. Rosa's testimony by filing a motion in limine designating line numbers and objections of testimony Defendants contend should be excluded.

*Conclusion*

Plaintiff's Motion for Partial Summary Judgment [82] is denied. Defendants' Motion for Summary Judgment [85] is granted in part and denied in part. Plaintiff's ADA claims are dismissed as Plaintiff did not satisfy the threshold requirement of presenting evidence that Sims was disabled. Plaintiff has presented a genuine dispute of material fact as to the negligence claim but has failed to present sufficient proof of gross negligence or which warrants an award of punitive damages. Plaintiff's Motion to Exclude Expert Testimony [69] is granted; and Defendants' Motion to Exclude Expert Testimony [80] is granted.

SO ORDERED, this the 14th day of January, 2011.

                                               /s/ Sharion Aycock
                                               **U.S. DISTRICT JUDGE**